J-S05033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :                     PENNSYLVANIA
                                           :

                   v.                               :
                                           :
                                         :

EDDIE FERRER                        :
                                         :

                 Appellant          :       No. 1068 MDA 2021

Appeal from the PCRA Order Entered July 21, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005954-2017

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED: APRIL 26, 2022**

Appellant, Eddie Ferrer, appeals *pro se* from the July 21, 2021 Order entered in the Berks County Court of Common Pleas dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. After careful review, we are constrained to reverse.

The relevant facts and procedural history are as follows. Between May 31, 2017, and August 2, 2017, a wiretap investigation revealed that Appellant used a cell phone to communicate with several people, including David Starke, Nelson Rivera, and David Delacruz, regarding buying and selling methamphetamine. The investigation resulted in the Commonwealth filing numerous charges against Appellant and the other men.[1] On August 2, 2018,

---

[1] Although the Commonwealth charged the men separately, on January 16, 2018, the trial court consolidated for trial Appellant's case with those of the other defendants.

Appellant entered a negotiated guilty plea to Criminal Use of a Communication Facility, Possession with Intent to Deliver a Controlled Substance, and Conspiracy to Commit Possession with Intent to Deliver a Controlled Substance. That same day, the trial court sentenced Appellant to a term of 5 to 10 years' incarceration. Appellant did not file a post-sentence motion or direct appeal from his judgment of sentence.

On August 31, 2020, Appellant *pro se* filed a PCRA Petition. In the Petition, Appellant alleged that his plea counsel had provided ineffective assistance and that the Commonwealth had violated his due process rights by violating **Brady v. Maryland**, 373 U.S. 83 (1963), and by failing to correct false and misleading testimony offered by witnesses at Appellant's preliminary hearing. Petition, 8/31/20, at ¶ 33. Appellant conceded that the Petition was facially untimely, but asserted that it satisfied the governmental interference and newly discovered facts exceptions to the PCRA's time-bar. **Id.** at ¶ 8 (citing 42 Pa.C.S. § 9545(b)(1)(i) and (ii)).

In support of the invocation of both exceptions, Appellant claimed that the Commonwealth violated **Brady** when, notwithstanding his request for discovery, it failed to disclose how law enforcement had identified him and his home.[2] **Id.** at ¶ 14. Appellant alleged that he learned of the **Brady** violation on February 6, 2020, when he encountered his co-defendant David Starke in

---

[2] There is nothing in the certified record supporting Appellant's assertion that he requested this information in discovery. This is not, however, relevant to our analysis of the jurisdictional time bar.

- 2 -

prison and Mr. Starke told Appellant about an expert report Mr. Starke had commissioned in preparation of Mr. Starke's defense.[3]  According to Appellant, Daniel Rigmaiden, the mobile phone surveillance expert hired by Mr. Starke, analyzed the discovery produced in Mr. Starke's case and produced a report for Mr. Starke's use revealing that the Commonwealth had identified Appellant using allegedly illegal search techniques.[4]  *Id.* at 14-16, 18, 20.  Appellant asserted that he could not have ascertained the contents of this report or known that the Commonwealth had violated his due process rights with the exercise of due diligence because the Commonwealth had suppressed the evidence in Appellant's case and failed to correct false or misleading testimony offered by police at Mr. Starke's pretrial hearing.  *Id.* at 22.  Appellant concluded that, had the Commonwealth disclosed to Appellant all of the requested pre-trial discovery, the outcome in this case, *i.e.*, Appellant having pleaded guilty, would have been different.  *Id.* at 21, 23.

The PCRA court appointed counsel.  On January 11, 2021, counsel filed a motion seeking leave to withdraw pursuant to *Commonwealth v. Turner*,

---

[3] Mr. Starke pleaded guilty to one count each of Criminal Use of a Communication Facility and Possession with Intent to Deliver on November 4, 2019—more than 15 months after Appellant pleaded guilty to charges arising from the same criminal investigation.

[4] Appellant appended a copy of Mr. Rigmaiden's report to the Petition.  This Court's review of the report indicates that, contrary to Appellant's representations, Mr. Rigmaiden made no conclusions whatsoever about the Commonwealth's search techniques as they pertained to Appellant.  In fact, Appellant's name does not appear anywhere in the report.  The report does, however, mention, in addition to Mr. Starke, two of Appellant's other co-defendants, Nelson Rivera and David Delacruz.

544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), asserting that Appellant's Petition was untimely and did not satisfy any of the exceptions to the PCRA's time-bar. The PCRA court agreed with counsel, and, on April 6, 2021, granted counsel's motion to withdraw and notified Appellant of its intent to dismiss his Petition as untimely pursuant to Pa.R.Crim.P. 907. Appellant requested, and the court granted, an extension of time to file a response to the Rule 907, but Appellant did not ultimately file any response to the Rule 907 Notice. On July 21, 2021, the PCRA court dismissed Appellant's Petition.

In his *pro se* Brief, Appellant raises one issue for our review:

> Whether the PCRA court erred by failing to consider whether Appellant's Petition and the report provided to the court satisfied the newly discovered fact exception?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2).  Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived.  ***Id.*** at § 9543(a)(3).

In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final.  42 Pa.C.S. § 9545(b)(1).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant concedes that his Petition was facially untimely, but attempted to invoke, *inter alia*, the timeliness exception under Section 9545(b)(1)(ii), which requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(ii).

In a recent decision, our Supreme Court reiterated that the newly-discovered fact exception "renders a petition timely when the petitioner establishes that [`]the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']"  ***Commonwealth v. Small***, 238 A.3d 1267, 1271 (Pa. 2020) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).  Our Supreme Court explained that a

- 5 -

PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner" based upon a circumstance-dependent analysis of the petitioner's knowledge. *Id.* at 1282-1283 (internal quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* at 1282 (citation omitted). The *Small* Court defined "due diligence" as a "flexible concept that varies with the context of a given case[.]" *Id.* at 1284.

Our Supreme Court has held that the exception set forth in Section 9545(b)(1)(ii) "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007).

Appellant argues that the PCRA court erroneously conducted a merits analysis of Appellant's *Brady* claim rather than considering whether Appellant had pleaded and proved the newly discovered facts exception to the PCRA's time bar. Appellant's Brief at 8-9. In support of his effort to overcome the PCRA's time-bar, Appellant asserted in his Petition, and reiterates in his Brief to this Court, that Mr. Rigmaiden's report analyzing the discovery materials produced to Mr. Starke, known to Appellant for the first time on February 6, 2020, was the source of Appellant's new knowledge that the Commonwealth had failed to turn over to him similar materials in discovery and that his counsel had been ineffective by not representing him more zealously by pursuing this discovery. *Id.* at 7. *See also* Petition at ¶¶ 23-24, 26-27, 33.

He also asserted that he could not have ascertained this new fact with the exercise of reasonable diligence and that he filed his *pro se* petition on August 31, 2020, well within one year as required by 42 Pa.C.S. § 9545(b)(2). Appellant's Brief at 8.

Following our review of the PCRA court's rationale for dismissing Appellant's Petition as untimely, we agree with Appellant. Our review indicates that the PCRA court conflated the required analysis of Appellant's time-bar exception assertion with the merits analysis of Appellant's **Brady** claim.[5] **See** Rule 907 Notice, 4/6/21, at 5-6 (concluding that Appellant had failed to satisfy the newly discovered facts exception to the PCRA's one-year filing deadline because Appellant had waived his **Brady** claim by pleading guilty, and, even if it was not waived, the **Brady** claim was "pure speculation"). In failing to conduct the appropriate analysis, the PCRA court erred. **See Bennett**, 930 A.2d at 1271; **Commonwealth v. Cox**, 146 A.3d 221, 229 (Pa. 2016) (noting the PCRA court's error in considering the four factors of the Section 9543(a)(2)(vi) after-discovered evidence test instead of the two factors relevant to the Section 9545(b)(1)(ii) timeliness exception analysis).

We conclude that Appellant's claim—that the report authored by Mr. Rigmaiden alerted Appellant to the possibility that the Commonwealth had withheld discovery information from him and the possibility that his plea

---

[5] The PCRA court did not analyze the merits of the ineffective assistance of counsel claim raised by Appellant in his *pro se* Petition.

counsel had been ineffective by not pursuing discovery more robustly—satisfies the first prong of the newly discovered facts exception to the PCRA's time bar.

Nevertheless, Appellant must still prove that he could not have ascertained the facts underlying the claim with the exercise of due diligence. "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). Additionally, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id.* at 1071.

Such a determination requires further fact-finding. *Bennett*, 930 A.2d at 1274. Thus, we remand for the PCRA court to appoint Appellant new counsel and conduct an evidentiary hearing to "determine whether Appellant met the 'proof' requirement under 42 Pa.C.S. § 9545(b)(1)(ii)." *Id.* If the PCRA court determines that that Appellant acted with the requisite diligence, we direct the PCRA court to consider the merits of the claims raised in Appellant's Petition.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/26/2022